# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| DAWN LEWIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CAUSE NO. 1:13-cv-02007-WTL-MJD |
| MARION COUNTY AUDITOR, | ) ) ) |
| Defendant. | ) |

## ENTRY ON DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on the Defendant's motion to dismiss (dkt. no. 8). The Plaintiff did not respond to the motion, and the time for doing so has expired. The Court rules as follows.

## I. STANDARD

The Marion County Auditor moves to dismiss Ms. Lewis' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Complaint fails to state a claim for which relief can be granted. In reviewing a Rule 12(b)(6) motion, the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 638 F.3d 328, 334 (7th Cir. 2012). For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (omission in original). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew*, 638 F.3d at 334 (citations omitted). A complaint's factual allegations are

plausible if they "raise the right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

## II. FACTUAL BACKGROUND

The facts as alleged in Ms. Lewis' Complaint are as follow.

Ms. Lewis worked for the Marion County Auditor's Office. During the course of her employment, she began experiencing numerous health issues, including cataracts, high blood pressure, diabetes, heart failure, pneumonia, and issues with her gallbladder. As a result, her doctor wanted to monitor her conditions on a weekly basis. Ms. Lewis, therefore, requested paperwork to take leave under the Family Medical Leave Act ("FMLA"). She desired to take three hours of leave per week for six months, whereupon she was scheduled for surgery. She took the paperwork to her doctor, who completed it for her.

The Marion County Auditor's Office, however, terminated Ms. Lewis' employment before she received FMLA leave. It viewed Ms. Lewis' emails and saw the email she sent to HR inquiring about FMLA leave. Ms. Lewis was terminated one day before her FMLA paperwork was due. HR stated they did not investigate her FMLA claim.

Ms. Lewis filed this lawsuit on December 19, 2013, using the form "Employment Discrimination Complaint." Her Complaint indicates that it is brought pursuant to the FMLA.

## III. DISCUSSION

The Defendant argues that Ms. Lewis' Complaint should be dismissed for several reasons, but the Court believes one is dispositive. The Defendant argues that Ms. Lewis' FMLA claim is barred by the applicable statute of limitations. A plaintiff must bring an action under the FMLA no later than two years after the date of the "last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). For "willful" violations, the statute of

limitations extends to three years. *Id*. § 2617(c)(2).  The Defendant argues that the "last event constituting the alleged violation" was Ms. Lewis' termination which occurred on December 9, 2010. *See* dkt. no. 8, Exhibit A.  Ms. Lewis filed her Complaint on December 19, 2013.  Even assuming Ms. Lewis has pled sufficient fact to allege a "willful" violation, if this termination date is correct, the statute of limitations had run by ten days by the time this case was filed.[1]

However, pursuant to Federal Rule of Civil Procedure 12(b), because the Defendant attached Exhibit A to its motion to dismiss, the Court must treat the motion as one for summary judgment.[2] *See Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 775 (7th Cir. 2001) ("Under Rule 12(b), when matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.") (internal quotation marks omitted).  The Court thus provides such notice to the parties that it converts this motion to dismiss to a motion for summary judgment, and will give Ms. Lewis an opportunity to respond before ruling on the motion.[3]

**By Friday, June 27, 2014, Ms. Lewis shall file a written response to the Defendant's motion for summary judgment on the issue of whether she failed to satisfy the applicable**

---

[1] Exhibit A, attached to the Defendant's motion to dismiss, is entitled "Notice of Unacceptable Performance of Conduct."  This form indicates that Ms. Lewis was notified of her termination on December 11, 2010.  Even using this later date as the "last event constituting the alleged violation," Ms. Lewis filed her Complaint eight days late.

[2] The Court notes that "because the period of limitations is an affirmative defense it is rarely a good reason to dismiss under Rule 12(b)(6)." *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030 (7th Cir. 2004).

[3] Local Rule 56-1 provides:  "A party seeking summary judgment against an unrepresented party must serve that party with the notice contained in Appendix A."  In light of this Entry, which provides Ms. Lewis with the requisite notice, the Court will not require the Defendant to serve Ms. Lewis with any additional notice.

**statute of limitations**.  This response must be accompanied by evidence to support any facts asserted by Ms. Lewis regarding whether the statute of limitations began to run.  In other words, if Ms. Lewis disagrees with the Defendant's assertion that the last event that constituted a violation of the FMLA by the Defendant took place on December 9, 2010, she shall submit evidence that supports what she asserts the applicable date to be.  If Ms. Lewis believes there is any other reason why the Defendant is not entitled to summary judgment because her claim is barred by the applicable statute of limitations, she must explain the reasons for that belief in her response and present any evidence she has to support it.  **If Ms. Lewis fails to file a response by June 27, 2014, or if she fails to demonstrate that the Defendant is not entitled to summary judgment, the Court will enter judgment in favor of the Defendant**.

SO ORDERED:  05/27/2014

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by U.S. Mail to:**

    **Dawn Lewis**
    **2700 N. Capital**
    **Indianapolis, IN 46208**

Copies to all counsel of record via electronic communication